John David SMITH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 29S02–0107–PC–337.

Supreme Court of Indiana.

June 21, 2002.

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, IN, for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, for Appellee.

SULLIVAN, Justice.

John David Smith seeks post-conviction relief from a plea bargain and 20 year sentence. We agree in part and reduce his sentence by four years. However, his theft of a check book and subsequent forgery and deposit of six of the checks at six different banks at six different times was not a "single episode of criminal conduct." As such, he is not entitled to the sentencing limit the Legislature has placed on "single episodes."

*Background*

On October 18, 1996, Defendant stole a checkbook from Horace Harvey, his then-grandparent-in-law. This checkbook was for a bank account that Mr. Harvey held in trust for his sister, Geraldine Harvey. Defendant proceeded to write out six checks to himself and forged Mr. Harvey's signature. Over the course of three hours in the afternoon of October 18, Defendant deposited these six checks into his Bank One account, going to six different branches in Marion County. The amount of mon-

ey stolen from Horace and Geraldine Harvey amounted to over $17,000.

Defendant was arrested and charged with six counts of theft, six counts of forgery, and one count of burglary on January 9, 1997. In exchange for having the burglary charge dropped, Defendant pled guilty to the six counts of theft and six counts of forgery on February 28, 1997. The plea bargain allowed a maximum sentence of 20 years. However, on March 27, 1997, Defendant orally moved to withdraw his guilty plea. The trial court denied Defendant's motion after viewing the videotape of the February 28 hearing. The trial court imposed a combination of concurrent and consecutive sentences totaling six years on the theft counts and 14 years on the forgery counts for a grand total of 20 years executed time.

Defendant then filed a pro-se petition for post-conviction relief on April 23, 1997, which was amended by counsel on August 18, 1999. The post-conviction court denied relief both on the merits and on grounds of laches and Defendant appealed this denial to the Court of Appeals. The Court of Appeals held that Smith's guilty plea was "unintelligent" and therefore invalid on two grounds. First, he had not been advised by counsel or the court that if he did not plead guilty and went to trial he could only be convicted of one count of theft (rather than the six with he was charged) because in stealing a single checkbook he had only committed "one larceny." Second, he had not been advised by counsel or the court that if he did not plead guilty and went to trial the maximum sentence

he could receive for one count of theft and six counts of forgery was limited to ten years (compared to the maximum of twenty authorized by the plea) under Indiana Code § 35–50–1–2(b) because the conduct constituted a "single episode of criminal conduct." [1] *Smith v. State,* 748 N.E.2d 895, 903 (Ind.Ct.App.2001).

We granted transfer. *Smith v. State,* 761 N.E.2d 413 (Ind.2001) (table).

## Discussion

### I

We granted transfer in this case to address whether certain conduct with which Smith was charged constitutes a "single episode of criminal conduct" under Indiana Code § 35–50–1–2(b) (1996 Supp.). If it does, the statute limits the total sentence that can be imposed for all of the charges comprising the episode. Specifically, where a defendant's crimes amount to a "single episode of criminal conduct," the trial court cannot not impose consecutive sentences greater than the presumptive sentence for a felony which is "one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." § 35–50–1–2(c).[2]

Smith contends that the conduct at issue constituted a single episode and that under the statute the maximum sentence that he could have received was ten years.[3] He further contends that, had counsel or the court advised him about the single episode statute's limit, he would not have entered into a plea agreement that permitted the trial court to impose a sentence of up to 20 years. As such, he claims that his guilty

---

1. The Court of Appeals also rejected the State's argument that Smith's claim was barred by laches. On transfer, the State does not contend that this issue was wrongly decided.

2. Provisions of the statute relating to "crimes of violence," habitual offenders, and habitual

substance offenders are not implicated in this case.

3. Ten years is the presumptive sentence for a felony which is one class of felony higher than the most serious felony to which Smith pled guilty. Ind.Code § 35–50–2–5 (1993).

plea was not made knowingly, intelligently, and voluntarily; that his guilty plea was "illusory"; and that he was denied the effective assistance of counsel to which he was entitled.

The Court of Appeals discussed this provision in *Tedlock v. State*, 656 N.E.2d 273, 275 (Ind.Ct.App.1995). There the Court of Appeals held that where a complete account of a crime can be given without referring to the other offense, the offenses are not a single "episode of criminal conduct." *Id.* at 276. In *Tedlock*, the defendant had fraudulently sold securities on four occasions and as the Court of Appeals analogized, "[t]hat Tedlock sold the same type of security to each of his victims ... does not make all four transactions one criminal episode any more than a robber's use of the same gun to commit four different robberies upon four different victims on four different occasions would constitute one criminal episode." *Id.*

In considering whether a series of offenses constitutes a single episode of criminal conduct, *Tedlock* emphasizes the timing of the offenses. Citing the American Bar Association standard, *Tedlock* refers to the "simultaneous" and "contemporaneous" nature of the crimes which would constitute a single episode of criminal conduct. *Tedlock*, 656 N.E.2d at 276 (citing *State v. Ferraro*, 8 Haw.App. 284, 800 P.2d 623, 628 (1990)).

Here, Defendant stole from two victims, Horace Harvey and Geraldine Harvey. Defendant stole one checkbook on October 18, 1996, and proceeded to deposit six checks at six different banks in the Marion County area. The six checks were deposited within the course of the afternoon on October 18, 1996. Looking at the timing of the deposits, we find that they were not "simultaneous" nor were they "contemporaneous" with one another. *Tedlock*, 656 N.E.2d at 276. Defendant

went from one bank branch to another branch, with about a half hour to an hour between visits, depositing checks (not in numerical order) for differing amounts of money. The first visit was at 1:23PM, depositing check # 480 in the amount of $2700. The second visit was at 2:23PM, depositing check # 476 in the amount of $3500. The third visit was at 2:41PM, depositing check # 77 in the amount of $3195. The fourth visit was at 3:09PM, depositing check # 479 in the amount of $3000. The fifth visit was at 3:51PM, depositing check # 481 in the amount of $3000. The sixth, and last, visit was at 4:09PM, depositing check # 482 in the amount of $1800.

In addition, we can recount each of the forgeries without referring to the other forgeries. Each forgery occurred at a separate time, separate place and for a separate amount of money from the other. We are satisfied that Defendant's conduct does not constitute a single episode of criminal conduct under Indiana Code § 35–50–1–2.

## II

Having resolved that Smith's theft of the checkbook and serial forgeries did not constitute a "single episode of criminal conduct" for purposes of the sentence limitation statute, we now turn to resolving Smith's claim for post-conviction relief.

The post-conviction relief Smith seeks is the invalidation of the plea agreement he entered into and the subsequent convictions and sentence imposed by the trial court. As noted, the Court of Appeals granted him that relief based in part—but only in part—on its erroneous conclusion on the "single episode of criminal conduct" issue. Because we have reversed the Court of Appeals on that issue, we must now look at Smith's claim for relief as a

whole to determine whether he is entitled to relief on any other basis.

■ Smith advances four arguments for relief: that his plea, convictions, and sentence should be vacated because (1) his plea lacked an adequate factual basis, (2) his plea was not knowing, voluntary, or intelligent, (3) the plea agreement was illusory, and (4) he would not have entered the agreement but for the ineffective assistance of his counsel. At the trial on his petition for post-conviction relief, Smith had the burden of establishing his grounds for relief. Ind. Post Conviction Rule 1(5). The post-conviction court rejected each of these four arguments. Therefore, he is now appealing from a negative judgment. When an appeal is from a negative judgment, a court on review must be convinced that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995). It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* (quoting *Fleenor v. State,* 622 N.E.2d 140, 142 (Ind.1993), *cert. denied,* 513 U.S. 999, 115 S.Ct. 507, 130 L.Ed.2d 415 (1994)).

■ To the extent that Smith's claims for post-conviction relief are grounded in his contention that he did not receive the minimum level of effective assistance from his trial counsel that the Constitution requires, we analyze such claims according to *Segura v. State,* 749 N.E.2d 496 (Ind. 2001).

■ A post-conviction claim of ineffective assistance of counsel requires the defendant to show two things: first, that counsel's performance "fell below an 'objective standard of reasonableness,'" and,

second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 500–01 (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Segura* categorizes two main types of ineffective assistance of counsel cases. The first is where the defendant's lawyer fails to advise the defendant on an issue that impairs or overlooks a defense. The second type of case is where the defendant's lawyer incorrectly advises the defendant as to penal consequences. *Id.* at 500.

### A

■ Smith's contention that his guilty plea lacked a factual basis is derived from his argument that although he pled guilty to six separate counts of theft, "the evidence most favorable to the State reveal[ed] only one single act of stealing one single checkbook." The post-conviction court did not squarely address this issue. In the Court of Appeals, the State did not seriously contest Smith's argument that, had he gone to trial, he could not have been convicted and sentenced for more than one count of theft. The Court of Appeals found that, while the State had discretion to charge Smith with six theft counts, he could not have been convicted and sentenced on more than one count because the theft of the checkbook constituted a "single larceny." *Smith,* 748 N.E.2d at 901. The State does not contest this determination on transfer and we summarily adopt the position of the Court of Appeals pursuant to Indiana Appellate Rule 58(A)(1).

Without belaboring the point, we find that Smith is entitled to relief because we think he has made out a colorable claim of ineffective assistance of counsel on this issue. However, we are not convinced that

even if Smith could not have been convicted and sentenced following a trial for more than one count of theft, his plea lacked an adequate factual basis. *See Games v. State*, 743 N.E.2d 1132, 1135 (Ind.2001) ("Defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights.").

Utilizing the *Segura* formulation, Smith has shown that his attorney's performance during the plea bargaining process "fell below an 'objective standard of reasonableness.'" *Segura*, 749 N.E.2d at 500–01. As Smith points out, his attorney should have advised him of the single larceny rule. During the post-conviction trial, Smith's attorney testified that he had heard of the single larceny rule but could not summarize the rule. (R. at 296) Smith is correct in his contention that had he gone to trial, he would not have been convicted of six counts of theft. Rather, he would (at most) have been convicted of just one count of theft. *See Segura*, 749 N.E.2d at 501. Therefore, Smith would have had a more favorable outcome at trial on this issue.

Although we find Smith is entitled to relief on this issue based on ineffective assistance of counsel, this does not entitle Smith to start the entire process over. We discuss Smith's remedy in part III, *infra*.

### B

■ Smith's contention that his guilty plea was not made knowingly, intelligently, and voluntarily is derived from his argument that the conduct with which he was charged constituted a "single episode of criminal conduct" and so his potential sentence was limited by Ind.Code § 35–50–1–2(c) to ten years. "Had I known that the maximum sentence that could have been imposed was ten years," Smith in effect argues, "I would not have entered into an agreement with the State which permitted a sentence of twenty years to be imposed." Smith is not entitled to relief on this basis because we have concluded in part I of this opinion that the sentence limiting statute does not apply here.

### C

Smith's contention that his guilty plea was "illusory" needs some explication. Citing authority, Smith posits that "[a]ny plea bargain motivated by an improper threat is deemed illusory." (Br. of Pet'r–Appellant at 25) (citing *Gibson v. State*, 456 N.E.2d 1006 (Ind.1983)). Smith says that his plea bargain was motivated by three improper threats.

■ First, he says that he was charged with burglary but that he could not have been convicted because there was never any evidence of an unlawful breaking or entering. Thus, the State's promise to drop the burglary charge in return for the plea bargain was "illusory." On this issue, the post-conviction court found:

45. That there was a reasonable basis to believe that the defendant/petitioner could have been convicted of Count I Burglary, class B felony as alleged in the charging information.

46. That it is true that mere presence at a crime scene is not sufficient to sustain a conviction for Burglary, the unchallenged evidence shows not only was the defendant/petitioner at the scene of the Harvey household when the check[s] were stolen, he was in possession of recently stolen checks, which is sufficient to satisfy a conviction of Count I–Burglary, class B felony.

The post-conviction court was incorrect in saying that this evidence would have been enough to satisfy a conviction for burglary because, as Smith points out, it

does not include any evidence of breaking and entering. But we have never required the State to be able to demonstrate evidence on every element of an offense in order to file a charge or utilize a potential charge in plea negotiations. Here the State argues that the "State could have presented evidence that Smith had illegally entered the Harveys's home and took the checks." (Brief of Appellee at 10.) More to the point, the State correctly argues that:

> While the State did not present evidence establishing an illegal entry at the post-conviction hearing, Smith did not eliminate the possibility of the State's ability to do so should the charge go to trial. [Smith's counsel] testified that he was concerned about the possibility of finding an unlawful[ ] entry. Smith fails to show that the evidence led without conflict to a conclusion contrary to the post-conviction court's finding that a reasonable basis existed to believe that Smith could have been convicted of the burglary.

*Id.* at 11. Here, the State had discretion to file burglary charges against Smith. *Marshall v. State*, 590 N.E.2d 627, 631 (Ind.Ct.App.1992), *trans. denied.* We do not find that the burglary charge was an improper threat that made Smith's plea agreement illusory.

■ Second, Smith says that he was improperly charged with six separate counts of theft where the facts only support one count. Again, the State had unlimited discretion to charge Smith with multiple counts of theft, as the Court of Appeals has stated, "[a]lthough a defendant charged and found guilty may not be convicted and sentenced more than once for the same offense or for single larceny, the State has unrestricted discretion to file alleged repetitive charges." *Marshall*, 590 N.E.2d at 631 (footnote omitted). The

State's actions here were not improper, and in any event, we have already found that Smith is entitled to relief on the single larceny rule issue under an ineffective assistance of counsel analysis in part II–A.

■ Lastly, Smith says that the third improper threat made by the State was the threat of his sentence if he did not agree to the plea bargain. Smith says that the State threatened him with maximum consecutive sentences that totaled sixty-six years. Smith bases this claim on the assumption that his actions constituted a single episode of conduct. However, as we discussed in part I, Smith's actions did not constitute a single episode of conduct. As such, Smith was not entitled to the sentencing limit the Legislature has placed on a "single episode."

### III

In the Court of Appeals, the majority vacated Smith's convictions and sentences, thereby giving him the opportunity to be prosecuted for his alleged conduct. In dissent, Judge Baker viewed the case as essentially one of correcting an erroneous sentence. Because the Court of Appeals found that Smith's sentence was required to be capped at ten years, Judge Baker argued that the Court of Appeals should simply vacate the five erroneous theft convictions and reduce the sentence to ten years.

■ Had we agreed with the Court of Appeals that there was a "single episode of criminal conduct" here triggering the ten year limitation, we would agree with Judge Baker. However, we have found that the ten year limitation does not apply but do agree with the Court of Appeals that the five erroneous theft convictions should be vacated. The trial court imposed a two-year sentence for each theft conviction, in a combination of consecutive and concur-

rent sentences for a total of six years, and a total of 14 years for the six forgery convictions. Adopting Judge Baker's general approach, we reverse five of the theft convictions and the respective sentences thereof, thereby leaving one theft conviction and the six forgery convictions in place with a total sentence of 16 years.

*Conclusion*

Having granted transfer, we affirm in part and reverse in part the judgment of the post-conviction court and remand this matter with instructions that Smith's convictions and sentences for theft on counts III through VII be vacated. His convictions for theft on count II and forgery on counts VIII through XI and the aggregate 16 year executed sentence therefor are affirmed.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.