**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**WILLIAM VANHORN**
Putnamville Correctional Facility
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 05 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM JOSEPH VANHORN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1109-PC-837 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-0812-FB-23

**July 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

William Joseph VanHorn pled guilty to class C felony burglary and class D felony theft. Thereafter, he filed his petition for post-conviction relief, which was denied by the post-conviction court. VanHorn, pro se, appeals the denial of his petition. He raises several issues on appeal, one of which is a challenge to the post-conviction court's summary disposition of his claim that the trial court erred when it denied his pretrial motion to suppress evidence. Concluding that no genuine issue of fact remained for determination and that judgment as a matter of law was appropriate, we find no error in the post-conviction court's grant of summary disposition on that issue. VanHorn also attempts to raise free-standing claims of fundamental error, which are not available in post-conviction proceedings. Finally, VanHorn contends that he received ineffective assistance of counsel because his counsel gave him incorrect advice which caused him to plead guilty to his crimes. Because VanHorn has not met his burden to show both deficient performance and prejudice, we affirm the judgment of the post-conviction court.

**Facts and Procedural History**

On October 20, 2008, VanHorn was driving a vehicle in which his girlfriend, Melissa Jordan, and her two-year-old son were passengers. Jordan directed VanHorn to drive to a specific residence located in Delaware County. Jordan entered the residence through an unlocked garage door and later exited holding a black trash bag containing jewelry, a checkbook, and a gun. VanHorn was aware that Jordan did not have permission to enter the residence and that the residence was "a structure being broken into." Appellant's App. at

2

252. VanHorn helped Jordan put what he knew to be stolen items in the vehicle. Upon returning home to Muncie, VanHorn stored some of the stolen items in his residence. VanHorn was aware that Jordan pawned some of the items at a pawn shop after their return to Muncie. Also soon after the crimes, VanHorn and Jordan traveled together to Walmart where Jordan used a check stolen from the residence to buy merchandise.

On December 23, 2008, the State charged VanHorn with class B felony burglary and class D felony theft. The State also alleged that VanHorn was a habitual offender. Initially, VanHorn entered a plea of not guilty. On August 24, 2009, VanHorn's attorney filed a motion to suppress a video-recorded statement that VanHorn made to police after his arrest. Following a hearing, the trial court denied the motion to suppress. VanHorn's attorney filed a motion requesting certification for interlocutory appeal, which the trial court denied.

On July 17, 2010, the trial court held a change of plea hearing during which VanHorn indicated his desire to plead guilty, pursuant to a written plea agreement, to class D felony theft and class C felony burglary, as a lesser included offense of class B felony burglary. During the hearing, VanHorn provided a factual basis for his guilty plea and testified that he understood his constitutional and statutory rights and that he was satisfied with the services of his attorney. On August 10, 2010, the trial court sentenced VanHorn to concurrent sentences of eight years for burglary and three years for theft. Those sentences were ordered to be served concurrently with VanHorn's sentence on unrelated charges in Madison County and consecutively to any time being served by VanHorn as a result of his parole violation on another conviction.

On March 21, 2011, VanHorn filed a pro se petition for post-conviction relief alleging fundamental error in the trial court's denial of his motion to suppress. On June 2, 2011, the State filed a motion seeking summary disposition of VanHorn's contention that the trial court erred when it denied his motion to suppress. VanHorn responded and filed an amended petition for post-conviction relief which, in addition to his claim of fundamental error regarding the denial of his motion to suppress, included a claim of ineffective assistance of counsel. On August 29, 2011, the post-conviction court granted the State's motion for summary disposition of VanHorn's contention regarding the denial of his motion to suppress. The court held an evidentiary hearing regarding VanHorn's claim of ineffective assistance of counsel. Thereafter, the post-conviction court entered its findings of fact, conclusions of law, and judgment denying VanHorn's petition for relief. This appeal followed.[1]

**Discussion and Decision**

VanHorn appeals the denial of his petition for post-conviction relief. Post-conviction proceedings are civil in nature, and the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues

---

[1] On May 17, 2012, VanHorn filed a "Motion to Supplement Evidence For Reply Brief" which we grant contemporaneously with this decision.

4

that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002), *cert. denied* (2003).

On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 643-44. We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not give deference to the post-conviction court's conclusions of law. *Davidson*, 763 N.E.2d at 443-44. On appeal, we may not reweigh the evidence or reassess the credibility of witnesses. *Id.* at 444.

## *I. Summary Disposition*

We first address VanHorn's assertion that the post-conviction court erred when it granted the State's motion for summary disposition regarding one of his claims for post-conviction relief. VanHorn's first petition for post-conviction relief, along with paragraph 8(a) of his amended petition for post-conviction relief, was an attempt to challenge the trial court's denial of his pretrial motion to suppress. The State moved for summary disposition of that claim, and that motion was granted by the post-conviction court. VanHorn asserts that this was error. We disagree.

We review the grant of a motion for summary disposition in post-conviction proceedings on appeal the same way as a motion for summary judgment. *Norris v. State*, 896

5

N.E.2d 1149, 1151 (Ind. 2008). A grant of summary disposition is proper if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ind. Post-Conviction Rule 1(4)(g). Summary disposition is a matter for appellate de novo determination when the determinative issue is a matter of law, not fact. *Norris*, 896 N.E.2d at 1151. The question presented by this case, whether VanHorn waived his right to challenge an evidentiary ruling of the trial court issued prior to his guilty plea, is a question of law.

As noted by the State, the denial of VanHorn's motion to suppress became a moot issue after the trial court accepted his guilty plea. *See Lineberry v. State*, 747 N.E.2d 1151, 1155 (Ind. Ct. App. 2001). It is well settled that a defendant cannot question pretrial orders after a guilty plea is entered. *Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004). Indeed, defendants who plead guilty to achieve favorable outcomes forfeit a plethora of substantive claims and procedural rights. *Alvey v. State*, 911 N.E.2d 1248, 1250-51 (Ind. 2009). A defendant cannot benefit from both the advantages of pleading guilty and the right to raise allegations of error with respect to pretrial rulings; these rights are relinquished once a defendant decides against facing an uncertain outcome at trial. *Id.* at 1251.

VanHorn waived his right to challenge the trial court's denial of his pretrial motion to suppress when he pled guilty to his crimes and judgment as a matter of law on that issue was

6

appropriate. Therefore, the post-conviction court properly denied VanHorn's challenge of the trial court's motion to suppress by summary disposition.[2]

## II. *Fundamental Error*

Despite the trial court's proper entry of summary disposition on the issue, in an attempt to relitigate his motion to suppress in his brief on appeal, VanHorn makes numerous claims of fundamental error. We note that free-standing claims of fundamental error are not available in post-conviction proceedings. *Taylor v. State*, 922 N.E.2d 710, 715 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, we do not address those claims and turn to VanHorn's final argument as to the effectiveness of his trial counsel.

## III. *Ineffective Assistance of Counsel*

VanHorn contends that he received ineffective assistance of trial counsel. When assessing a claim of ineffective assistance of counsel, we apply a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, a claimant must first show that counsel's performance fell below an objective level of reasonableness based upon prevailing professional norms. *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008). The claimant must then show that the deficient performance resulted in prejudice. *Id*. Prejudice occurs when the claimant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Grinstead v.*

---

[2] VanHorn maintains that it was error for the post-conviction court to "split the issues" and enter summary disposition regarding one issue yet proceed to an evidentiary hearing regarding the remaining issue. Appellant's Br. at 1, 6. VanHorn directs us to no authority, and we are unaware of any, that would preclude the post-conviction court from summarily disposing of less than all the issues presented for post-conviction consideration.

*State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Because an inability to satisfy either the performance or the prejudice prong of the *Strickland* test is fatal to an ineffective assistance claim, we need not even evaluate counsel's performance if the petitioner suffered no prejudice from that performance. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999). Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Landis v. State*, 749 N.E.2d 1130, 1134 (Ind. 2001).

When a claim for post-conviction relief is grounded in the contention that a defendant who pled guilty did not receive the minimum level of effective assistance of trial counsel that the Constitution requires, we analyze such claims according to *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). *Segura* describes two main categories of ineffective assistance, the second of which applies here. *Id.* Specifically, the category of ineffective assistance of counsel raised by VanHorn relates to "an improper advisement of penal consequences" based upon "incorrect advice as to the law." *Trujillo v. State*, 962 N.E.2d 110, 114 (Ind. Ct. App. 2011).[3] This Court has explained:

> In *Segura*, our Supreme Court held that in order to state a claim for post-conviction relief under this subcategory, a petitioner may not simply allege that a plea would not have been entered, nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. Instead, the petitioner must "establish, by objective facts, circumstances that support the conclusion that [trial] counsel's errors in advice as to penal consequences were material to the decision to plead." *Segura v. State*, 749 N.E.3d at 507. In so doing, the petitioner "must establish an objective reasonable probability that competent

---

[3] We note that another subcategory of "improper advisement of penal consequences" may be based upon claims of "intimidation by exaggerated penalty or enticement by an understated maximum exposure." *Smith*, 770 N.E.2d at 295. However, VanHorn makes no cogent argument regarding any intimidation or enticement by Hunter, and therefore we need not address that subcategory.

8

representation would have caused the petitioner not to enter a plea." Under this analysis, we focus upon whether the petitioner proffered specific facts indicating that a reasonable defendant would have rejected the petitioner's plea had the petitioner's trial counsel performed adequately.

*Id*. at 114-15 (some citations omitted).

Here, VanHorn has failed to establish that his counsel provided any erroneous advice whatsoever, much less erroneous advice as to penal consequences. VanHorn asserts that his counsel advised him that "he would definitely be found guilty of everything if he proceeded to trial" and that such advice caused him to plead guilty to his crimes. Appellant's Br. at 27. We note that VanHorn did not testify during the post-conviction relief hearing. The only evidence presented in support of his petition for post-conviction relief was the testimony of his trial attorney, Joseph Hunter. Hunter testified that during "numerous" conversations with VanHorn, he is confident that they discussed the ranges of sentences that he could receive based upon his charged crimes, his prior criminal record, and the habitual offender charge. PCR Tr. at 10-11. When asked whether he ever told VanHorn that he would "definitely be found guilty" if he proceeded to trial, Hunter responded, "I don't think that is correct." *Id*. at 13. Hunter recalled that he and VanHorn had extensive discussions about entering a plea agreement and that the State finally presented an acceptable agreement. Hunter testified that he was more than willing to go to trial but that it was VanHorn who wanted and made the decision to plead guilty.

Under the circumstances, VanHorn has failed to demonstrate that he was improperly advised or that his decision to plead was driven by erroneous advice. Nothing in the record indicates that Hunter advised VanHorn to plead guilty or that Hunter gave VanHorn incorrect

9

advice regarding the penal consequences of going to trial versus pleading guilty. In fact, Hunter's testimony affirmatively establishes the opposite. As stated earlier, VanHorn presented no other evidence in support of his claims. A post-conviction petitioner cannot maintain his position simply by pleading under oath and then resting on that pleading. *State v. Sanders*, 596 N.E.2d 225, 227 (Ind. 1992), *cert. denied* (1993). Without more, VanHorn can establish neither deficient performance nor prejudice.

Moreover, we note that the transcript of the guilty plea hearing reveals that the trial court conducted a thorough examination of VanHorn in which it clearly established that VanHorn was freely entering his plea. During this examination, VanHorn assured the court that he understood his constitutional and statutory rights and that his decision to plead guilty was voluntary. Indeed, when specifically asked if he was satisfied with Hunter's legal representation, VanHorn responded, "Absolutely." Appellant's Amended App. at 248. Based upon the record before us, VanHorn has not met his burden to show that he was denied the effective assistance of trial counsel. The judgment of the post-conviction court is affirmed.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.