# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**T. ANDREW PERKINS**
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN SOUCY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.   25A05-1406-PC-276 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent, | ) | |

APPEAL FROM THE FULTON CIRCUIT COURT
The Honorable A. Christopher Lee, Judge
Cause No. 25C01-1310-PC-686

**December 2, 2014**

**OPINION – FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Appellant-Petitioner Kevin C. Soucy appeals the denial of his petition for post-conviction relief, which challenged his convictions following his pleas of guilty to two counts of Intimidation, as Class D felonies, for which he received an aggregate sentence of six years.[1] We address the sole dispositive issue: whether Soucy was denied the effective assistance of counsel when Soucy pled guilty to offenses of which he was apparently actually innocent. We reverse.

**Facts and Procedural History**

On April 3, 2012 and April 4, 2012, Soucy placed telephone calls to his mother, Beverly Stevens ("Stevens"), from the Fulton County Jail in which he was incarcerated. During those telephone calls, Soucy made threats against Lorna Craig ("Craig"), who had provided information that assisted police in arresting Soucy for a probation violation. Soucy repeatedly insisted that Stevens contact Craig to relay the threats; Stevens repeatedly refused to do so.

On April 23, 2012, the State charged Soucy with two counts of Intimidation, alleging that he had communicated threats to Craig with the intent that Craig be placed in fear of retaliation for a prior lawful act. On September 17, 2012, Soucy appeared for a change of plea hearing. At that hearing, the trial court requested that the State present a factual basis for the convictions and the State elicited Soucy's admissions that he had threatened to kill Craig and burn down her house and had, "over and over," told Stevens

---

[1] Ind. Code § 35-45-2-1(a). This offense is now a Level 6 felony.

2

that he wanted her to communicate those threats to Craig. (Guilty Plea Tr. 30.) Soucy pled guilty and received consecutive sentences of three years each.

On October 29, 2013, Soucy filed a Petition for Post-Conviction Relief. Therein, he alleged that he was denied fundamental due process and the effective assistance of counsel because the record did not reveal an adequate factual basis for the Intimidation convictions. Specifically, the record was devoid of evidence that a threat had been communicated to Craig. The State conceded this but argued that direct communication with the victim was not required.

An evidentiary hearing was conducted on February 10, 2014. Soucy testified that he had believed, at the time of the guilty plea hearing, that his calls to his mother constituted the crimes of Intimidation. Soucy's trial counsel testified and denied that she had ever obtained information during the discovery process suggesting that the threats had been communicated from Stevens to Craig. She further testified that she lacked specific recollection as to whether she had advised Soucy on the statutory elements of Intimidation.

On May 22, 2014, the post-conviction court issued an order denying Soucy's petition for post-conviction relief. This appeal ensued.

**Discussion and Decision**

Indiana Code Section 35-45-2-1(a) provides in relevant part:

> A person who communicates a threat to another person, with the intent: …
> that the other person be placed in fear of retaliation for a prior lawful act;
> … commits intimidation, a Class A misdemeanor.

3

The offense is elevated from a Class A misdemeanor to a Level 6 felony (formerly Class D felony) if the threat is to commit a forcible felony.

Soucy admitted, both at the change of plea hearing and the post-conviction hearing, that he made verbal threats against Craig and insisted that his mother convey those threats. However, the recording of the telephone calls reveals that Stevens consistently refused to comply with Soucy's demands; the record is devoid of evidence that these threats were ever conveyed to Craig by any means. Nonetheless, despite having the assistance of court-appointed counsel, Soucy pled guilty to offenses requiring communication to the victim.

Soucy had the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner appealing from the denial of post-conviction relief stands in the position of one appealing from a negative judgment. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). Thus, the decision will be disturbed as being contrary to law only if the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion. Ben-Yisrayl v. State, 729 N.E.2d 102, 105 (Ind. 2000).

Ineffectiveness of counsel claims are evaluated under the standard of Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. Overstreet v. State, 877 N.E.2d 144, 152 (Ind. 2007). A deficient performance is a performance which falls below an objective standard of reasonableness and involves errors so serious that counsel was not functioning as counsel guaranteed by the Sixth

4

Amendment. Id. Prejudice exists when a claimant shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

A post-conviction claim challenging a conviction pursuant to a guilty plea is examined under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura categorizes two main types of ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002). In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pled guilty must establish that there is a reasonable probability that he or she would not have been convicted had he or she gone to trial and used the omitted defense. Segura, 749 N.E.2d at 499 (citing State v. Van Cleave, 674 N.E.2d 1293, 1306 (Ind. 1996)).

In denying Soucy post-conviction relief, the post-conviction court stated that its decision was based upon the holding in Ajabu v. State, 677 N.E.2d 1035 (Ind. Ct. App. 1997), the decision relied upon by the State at post-conviction proceedings to support its argument that direct communication was unnecessary to support Intimidation convictions. In Ajabu, the appellant had been charged with Intimidation after making threats through media outlets against a prosecutor and the mother of two murder victims. He moved to dismiss the indictment, contending that "a threat must be communicated directly to the victim." Id. at 1042. Dismissal was denied, Ajabu was convicted in a bench trial, and he appealed, claiming that the evidence was insufficient as a matter of law due to the lack of direct communication. See id. at 1041.

5

The Ajabu panel of this Court concluded that the word "communicate" encompasses threats "made known or transmitted to another person" and made the following observation: "Ajabu's threats were spoken before microphones and televisions [sic] cameras and communicated through the media to members of the public, including Nation and Meyer." Id. at 1042. Ultimately, the Court held:

> The evidence supports the conclusion that Ajabu used that media to communicate threats that he knew or had good reason to believe would reach Nation and Meyer, with intent to influence Nation's conduct as a law enforcement officer against his will and to place Meyer in fear of retaliation for having supported Nation's death penalty request. This was intimidation under our statute.

Id. at 1043. Mindful that the terms of a criminal statute are to be strictly construed against the State and "only those cases which are clearly within its meaning and intention can be brought within the statute," id. at 1042, we conclude that the post-conviction court's construction of Ajabu is overly broad. Although direct communication to the intended victim is not required under the Intimidation statute, communication such as to influence conduct or place a person in fear of retaliation is required. Here, because Stevens refused to repeat the threats, there was no further dissemination of the threats so as to influence or impact Craig.

On appeal, the State concedes that Ajabu is inapposite, but argues that testimony presented at the change of plea hearing "indicates a clear intent on [Soucy's] part for the threats to be communicated to Craig, and he had good reason to believe that [t]he threats would be conveyed to her." (Appellee's Brief at 12.) However, the statutory subsection under which Soucy was charged requires communication of a threat to another person

6

with "intent that the other person be placed in fear," as opposed to "intent that the threat be communicated." See I.C. § 35-45-2-1(a).

In short, Soucy has shown a reasonable probability that he would have prevailed at trial. Counsel's failure to advise him on an overlooked defense of actual innocence constitutes ineffective assistance of counsel.

## Conclusion

Soucy is entitled to post-conviction relief on grounds of ineffective assistance of counsel.

Reversed.

NAJAM, J., and PYLE, J., concur.