## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2016, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael A. Combs
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael A. Combs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2016

Court of Appeals Case No.
02A03-1602-PC-343

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1307-PC-111
02D06-1109-FB-210

**Vaidik, Chief Judge.**

# Case Summary

[1] Michael A. Combs, pro se, appeals the denial of his petition for post-conviction relief. Specifically, Combs contends that the post-conviction court erred in denying his motion to compel the State to provide him with documents he claims were missing from his trial counsel's attorney-client file, in ordering the cause to be submitted by affidavit and not holding an evidentiary hearing, and in denying his petition on the merits. Finding no error, we affirm.

# Facts and Procedural History

[2] The facts underlying this case are as follows:

> In August 2010, Shanna Vorndran and her children, two-year-old M.D. and one-year-old D.D., moved into a house in Fort Wayne with Combs, his sister, Anna Hogan, and Hogan's four children. M.D. had a speech delay and rarely talked. Vorndran worked at a Wendy's restaurant, but Combs and Hogan were not working. Combs and Hogan watched the children while Vorndran worked. After moving into the house, Vorndran started noticing more bruises on M.D. and D.D. and noticed that M.D. had a rash around his anus and injuries to his anus and penis. Vorndran, Hogan, and a neighbor had also seen Combs hit M.D.
>
> On September, 14, 2010, Vorndran worked from approximately 11:45 a.m. until 5:00 p.m. Vorndran did not recall having contact with her children before she left for work. Combs and Hogan watched the children while Vorndran was working. When Vorndran got home from work, she found D.D. on a bed, in pain, and with a swollen leg. Hogan said that D.D. had fallen out of his playpen. At approximately 10:00 p.m., Vorndran took D.D. to the hospital. Vorndran learned that D.D. had a spiral

fracture of his femur, and he had surgery that night. The spiral fracture was inconsistent with a fall, and the Department of Child Services ("DCS") was contacted.

On September 15, 2010, Lanita Holder, a DCS family case manager, talked with Vorndran. Vorndran initially claimed that she and the children were living with her mother. However, Vorndran's mother reported that she had not seen Vorndran in months. When DCS family case managers and police officers arrived at Vorndran's house, they discovered that M.D. was filthy, covered with bruises, and had blood in his diaper. Combs claimed that M.D. had fallen out of the bathtub when he was watching him. DCS removed M.D. and Hogan's children from the residence. M.D. was examined at a sexual assault treatment center and at the hospital emergency room. The sexual assault nurse documented seventy-five injuries on M.D., including numerous bruises and abrasions on his body. M.D. had bruises and abrasions on his genitals and several tears to his anus, including one fresh tear. The anal injuries were consistent with more than one episode of anal intercourse or penetration by a blunt object. *Hogan later reported to police that, on September 15, 2010, while Vorndran was at the hospital, she saw Combs having what appeared to be anal intercourse with M.D.*

*Combs v. State*, No. 02A03-1209-CR-393 (Ind. Ct. App. Mar. 13, 2013) (emphasis added), *trans. denied*. The State charged Combs with Class A felony child molesting of M.D., Class B felony neglect of dependent D.D., Class B felony neglect of dependent M.D., and Class D felony battery of M.D. The jury found Combs guilty as charged, and the trial court sentenced him to an aggregate term of sixty-one-and-a-half years.

[3] Combs appealed, raising insufficiency of the evidence for neglect of dependent D.D. and inappropriate sentence, and we affirmed. *See id.* In 2013, Combs, pro se, filed a petition for post-conviction relief, which he later amended. In response, the State filed a motion to require Combs to submit his case by affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b). The post-conviction court granted the State's motion. Combs then filed "affidavits" from Rebecca Schatzman, Imogene Combs, and Kathy Holland in order to prove that the State coerced Hogan into falsely testifying at trial that she saw Combs having what appeared to be anal intercourse with M.D. *See* Trial Tr. p. 434-36. The post-conviction court entered findings of fact and conclusions of law denying relief. Specifically, the court found that Rebecca's statement had "no tendency to establish that Anna Hogan later recanted her testimony at trial" and that Imogene's and Kathy's statements, which were not sworn under penalties of perjury, did "not assert that Anna Hogan [had] recanted her testimony at trial." *See* "Findings of Fact and Conclusions of Law" p. 4 (attached to the end of Appellant's Brief).

[4] Combs now appeals.

# Discussion and Decision

[5] Combs contends that the post-conviction court erred in denying relief. Defendants who have exhausted the direct-appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002), *reh'g denied.* Post-

conviction proceedings are not an opportunity for a "super-appeal." *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied.* Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. Ind. Post-Conviction Rule 1(1); *Timberlake,* 753 N.E.2d at 597. In post-conviction proceedings, complaints that something went awry at trial are cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal. *Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002). Thus, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. *Stephenson v. State,* 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied.*[1]

[6] Post-conviction proceedings are civil proceedings, requiring the petitioner to prove his claims by a preponderance of the evidence. *Stevens,* 770 N.E.2d at 745. We review the post-conviction court's legal conclusions de novo but accept its factual findings unless they are clearly erroneous. *Id.* at 746. The petitioner must establish that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Smith v. State,* 770 N.E.2d 290, 295 (Ind. 2002).

---

[1] Combs raises as freestanding claims prosecutorial misconduct and insufficiency of the evidence for the child-molesting conviction. Because these issues were known and available on direct appeal, they are procedurally foreclosed. To the extent Combs raises these issues under ineffective assistance of counsel, we address them there.

# I. Discovery

[7] Combs first contends that the post-conviction court erred in denying his motion to compel the State to provide him with "missing discovery documents." Appellant's Br. p. 4. The record shows that in June 2014, Combs filed a motion asking the post-conviction court to "requir[e] [his trial] counsel to produce [his] attorney-client file" so that he could use it in seeking post-conviction relief. Appellant's App. p. 131. The court ordered the "Public Defender of Allen County to provide [Combs] all discoverable Portions of the file, excluding police reports, medical records, and work product." *Id.* at 129. In July 2014, the Public Defender's Office filed the following affidavit with the court: "*All discoverable portions* regarding Michael A. Combs' file . . . were sent to the defendant at the Wabash Valley Correctional Facility, via certified mail, July 15, 2014." *Id.* at 130 (emphasis added). Several months later, in December 2014, Combs filed a "Motion to Compel," asking the court to compel *the State*—not defense counsel—to provide him with items that he claims were missing from the file. *Id.* at 99. The post-conviction court denied this motion. *Id.* at 147.

[8] Trial and post-conviction proceedings are governed by the same rules "'applicable in civil proceedings including pre-trial and discovery procedures.'" *Wilkes v. State,* 984 N.E.2d 1236, 1251 (Ind. 2013) (quoting Ind. Post-Conviction Rule 1(5)). That is, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter. Ind. Trial Rule 26(B). Trial and post-conviction courts are accorded broad discretion in ruling

on discovery matters, and we will affirm their determinations absent a showing of clear error and resulting prejudice. *Wilkes*, 984 N.E.2d at 1251.

[9] Here, Combs sought his attorney-client file from his trial counsel. After receiving the discoverable portion of his file from the Allen County Public Defender's Office, Combs claimed that items were missing. *See* Appellant's Br. p. 4 ("The documents that were sent to the defendant were missing specific pages . . . ."). Combs then sought to compel *the State*—not the public defender—to remedy this deficiency. Combs, however, first should have sought to compel the public defender to account for items he claims are missing. If that was not successful, then Combs should have sent a discovery request to the State for those items pursuant to Indiana Trial Rule 34, which governs the production of documents and electronically stored information.[2] If the State failed to respond to this discovery request, then Combs could have applied for an order compelling discovery pursuant to Indiana Trial Rule 37(A) ("[I]f a party or witness or other person, in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request."). But here, Combs

---

[2] In his motion to compel, Combs claimed that he, in fact, requested "the material" from the State. Appellant's App. p. 100. As support, he cites two letters from the prosecutor, dated January 20, 2012, and June 19, 2012. *Id.* However, these letters are dated before his jury trial, are addressed to his trial counsel, and do not specifically reference the missing items. *See id.* at 136, 137. Accordingly, they do not support Combs' claim that he asked the State for the missing items before he filed the motion to compel.

skipped these steps entirely. Accordingly, the post-conviction court acted within its discretion in denying Combs' motion to compel.

## II. Cause Submitted by Affidavit

[10] Combs next contends that the post-conviction court erred in ordering the cause to be submitted by affidavit and not holding an evidentiary hearing. Indiana Post-Conviction Rule 1(9)(b) governs this procedure:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

The purpose of Post-Conviction Rule 1(9)(b) is to allow for more flexibility in both the presentation of evidence and the review of post-conviction claims where the petitioner proceeds pro se. *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. Accordingly, if the post-conviction court orders the cause submitted by affidavit under Rule 1(9)(b), it is the court's prerogative to determine whether an evidentiary hearing is required, along with the petitioner's personal presence, to achieve a full and fair determination of the issues raised. *Id.*

[11] Combs claims that the affidavits he submitted create an issue of fact concerning whether the State coerced his sister, Hogan, into falsely testifying at trial that she saw Combs having what appeared to be anal intercourse with M.D., *see* Trial Tr. p. 434-36, and therefore an evidentiary hearing was required under a

different post-conviction rule, Post-Conviction Rule 1(4)(g) ("If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."). This Court has already addressed this precise question. That is, factual statements in affidavits often raise issues of fact; accordingly, to require a full evidentiary hearing any time affidavits submitted under Rule 1(9)(b) create issues of fact would defeat the purpose of Rule 1(9)(b). *Smith*, 822 N.E.2d at 201. Accordingly, the decision whether to hold an evidentiary hearing for "a full and fair determination of issues raised," like the decision to proceed by affidavit, is best left to the post-conviction court's discretion; "Rule 1(4)(g), concerning summary disposition, has no bearing on the matter." *Id.*

[12] Here, the post-conviction court determined that Combs' affidavits did not create an issue of fact as to whether the State had coerced Hogan to testify falsely at trial. Accordingly, the post-conviction court did not abuse its discretion in ordering the cause to be submitted by affidavit and not holding an evidentiary hearing.[3]

---

[3] Combs argues, in a different section of his brief, that because the post-conviction court did not hold an evidentiary hearing, he could not subpoena his trial counsel. Appellant's Br. p. 17. Combs does not allege how testimony from his trial counsel would have aided him. In any event, Combs could have secured an affidavit from his trial counsel.

# III. Ineffective Assistance of Counsel

[13]    Finally, Combs contends that his trial counsel was ineffective.  A defendant claiming that his attorney was ineffective at trial must show by a preponderance of the evidence that (1) counsel's performance fell below the objective standard of reasonableness based on "prevailing" professional norms and (2) the defendant was prejudiced by this substandard performance, i.e., there is a "reasonable probability" that, but for counsel's errors or omissions, the outcome of the trial would have been different.  *Stephenson,* 864 N.E.2d at 1031. "We afford great deference to counsel's discretion to choose strategy and tactics, and strongly presume that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied*.

[14]    Combs' arguments listed under this section of his brief are very difficult to decipher.  Combs appears to argue that his trial counsel was ineffective for failing to object when the State committed prosecutorial misconduct.[4]  In order to prevail on an ineffective-assistance-of-counsel claim because of prosecutorial misconduct, a petitioner must first establish that prosecutorial misconduct occurred.  *Laux v. State*, 985 N.E.2d 739, 750 (Ind. Ct. App. 2013), *trans. denied*. Combs claims that the State committed misconduct by using false testimony from Hogan to convict him.  *See Smith v. State*, 34 N.E.3d 1211, 1220 (Ind.

---

[4] Even if we framed the issue as ineffective assistance of *appellate* counsel for failing to raise prosecutorial misconduct on direct appeal (as a claim of fundamental error), our conclusion would be the same.

2015). As support, Combs claims that Hogan, *in a pretrial deposition*, made two conflicting statements, one of which was necessarily false. In the first statement, Hogan said that she saw Combs having anal intercourse with M.D. In the second statement, Hogan indicated that she did not see penetration but that the circumstances, e.g., the position of Combs and M.D. and the fact that both of their pants were down, led her to believe that Combs was having anal intercourse with M.D. *See* Appellant's App. p. 82, 90 (Hogan's deposition excerpts). These two statements are not inconsistent. Moreover, Combs does not cite to any false evidence that the prosecutor presented *at trial*. Accordingly, his ineffective-assistance claim fails.

Affirmed.

Baker, J., and Najam, J., concur.