## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 20 2017, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Carlos Ramirez
Pendleton, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

Carlos Ramirez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 20, 2017

Court of Appeals Case No.
20A03-1703-PC-495

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-1512-PC-54

**Vaidik, Chief Judge.**

# Case Summary

[1] Carlos Ramirez sought post-conviction relief alleging that his trial counsel was ineffective because he did not inform him of a plea offer from the State before trial. The post-conviction court denied relief, finding that trial counsel had in fact informed Ramirez of the plea offer and that Ramirez had turned it down. Because we do not reweigh the evidence or judge the credibility of the witnesses, we affirm the post-conviction court's denial of relief.

# Facts and Procedural History

[2] In the summer of 2008, a confidential informant purchased cocaine from Ramirez in Goshen on three separate occasions. The State charged Ramirez with three counts of dealing in cocaine, two as Class B felonies and one as a Class A felony. Brent Zook, an attorney since the late 1970s and a public defender in Elkhart County, represented Ramirez at trial. The jury found Ramirez guilty as charged. The trial court sentenced him to fifteen years for each of the Class B felonies and forty years for the Class A felony, to be served concurrently. On direct appeal, we found that Ramirez's sentences were inappropriate and remanded for the trial court to impose a thirty-year sentence for the Class A felony and a ten-year sentence for each of the Class B felonies, to be served concurrently. *Ramirez v. State*, No. 20A03-0907-CR-337 (Ind. Ct. App. Feb. 25, 2010).

In 2015, Ramirez filed a pro se petition for post-conviction relief, which was later amended. Specifically, Ramirez alleged that Attorney Zook failed to inform him of a plea offer from the State before trial. A hearing was held in 2016. Attorney Zook had passed away by this time. Ramirez testified at the hearing that there was a twenty-five-year plea offer from the State that Attorney Zook never told him about and that had he known about the offer he would have accepted it. *See* P-C Tr. Vol. II p. 7. In response, the State presented testimony from Clifford Williams, the Chief Public Defender for Elkhart County since 1985. Williams testified that he was familiar with the customs and practices of the public defenders in his office, that most criminal cases involve an attempt to negotiate a plea, that public defenders have a legal and ethical obligation to discuss every plea offer with their clients, and that ultimately it is the defendant's choice whether to accept a plea offer. Williams testified that Attorney Zook was a "thorough" attorney who handled serious felony cases and "many, many, many" jury trials. *Id.* at 23-24. In addition, Williams brought Attorney Zook's file from Ramirez's case with him to the hearing. Williams confirmed that it was Attorney Zook's file based on his familiarity with Attorney Zook's handwriting. Inside the file, there was a sheet called "Attorney Notes." *See* Ex. 1. Williams described the purpose of the "Attorney Notes" sheet as follows: "[B]asically you put in a date of . . . possibly a jail visit or the date maybe when you've interviewed someone or the date when you've looked at a video, that sort of thing. It's kind of [a] log of what

you've done . . . ." P-C Tr. Vol. II p. 25. On May 28, 2009,[1] Attorney Zook handwrote that Ramirez "turn[ed] down the deal of 25 cap on A [felony]." Ex. 1.

[4] The post-conviction court denied relief, reasoning:

> Considering that there is physical evidence indicating that [Attorney Zook] made a note in the case file that [Ramirez] turned down a deal of 25 cap, [Ramirez's] self serving statement that counsel never brought a plea offer to him for consideration carries very little weight and [Ramirez's] assertion is not credible. Therefore, the Court cannot draw the conclusion based on the evidence before it that [Attorney Zook] was ineffective in his representation of [Ramirez] with respect to any plea negotiations in this case.

Appellant's App. Vol II p. 40.

[5] Ramirez, pro se, now appeals.

# Discussion and Decision

[6] Defendants who have exhausted the direct-appeal process may challenge the correctness of their convictions and sentences by filing a petition for post-conviction relief. *Stevens v. State,* 770 N.E.2d 739, 745 (Ind. 2002), *reh'g denied.* Post-conviction proceedings are not an opportunity for a "super-appeal," and

---

[1] The CCS reveals that a hearing was held on May 28, 2009. Ramirez's jury trial then began on June 1, 2009.

not all issues are available. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied.* Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Ind. Post-Conviction Rule 1(1); *Timberlake,* 753 N.E.2d at 597. In post-conviction proceedings, complaints that something went awry at trial are cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal. *Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002).

[7] Post-conviction proceedings are civil proceedings, requiring the petitioner to prove his claims by a preponderance of the evidence. *Stevens,* 770 N.E.2d at 745. We review the post-conviction court's legal conclusions de novo but accept its factual findings unless they are clearly erroneous. *Id.* at 746. We will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court. *Stephenson v. State,* 864 N.E.2d 1022, 1031 (Ind. 2007), *reh'g denied.* The petitioner must establish that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Smith v. State,* 770 N.E.2d 290, 295 (Ind. 2002).

[8] A defendant claiming that his attorney was ineffective must show by a preponderance of the evidence that (1) counsel's performance fell below the objective standard of reasonableness based on "prevailing" professional norms and (2) the defendant was prejudiced by this substandard performance, i.e., there is a "reasonable probability" that, but for counsel's errors or omissions,

the outcome of the case would have been different. *Stephenson*, 864 N.E.2d at 1031.

[9] Ramirez notes the general principle that criminal-defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution and that failure to do so constitutes ineffective assistance of counsel. *See, e.g.*, *Dew v. State*, 843 N.E.2d 556, 568 (Ind. Ct. App. 2006), *trans. denied*. He then claims that Attorney Zook was ineffective because he "did not proffer a plea agreement to the Appellant for 25 years." Appellant's Br. p. 5. Ramirez fails to acknowledge, however, that the post-conviction court found, based on the evidence presented at the hearing, that (1) Attorney Zook informed him of the twenty-five-year plea deal, (2) Ramirez turned down that deal, and (3) Ramirez's "self serving" claim to the contrary was "not credible." Because we do not reweigh the evidence or judge the credibility of the witnesses, we affirm the post-conviction court's denial of relief.

[10] Affirmed.

Mathias, J., and Crone, J., concur.