**Robert HENSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0706–CR–501.**

Court of Appeals of Indiana.

Feb. 19, 2008.

Transfer Denied April 30, 2008.

Michael E. Caudill, Caudill & Associates, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin R. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Robert Henson appeals his sentence for two counts of burglary as class C felonies.[1] Henson raises one issue, which we restate as whether the trial court's imposition of consecutive sentences totaling twelve years violated Ind.Code § 35–50–1–2(c). We reverse and remand for resentencing.

The relevant facts follow. At 1:28 a.m. on July 26, 2006, the Indianapolis Police Department received a call that two men were breaking into a garage. Officer Michael Kermon arrived at the scene and spoke to the caller, who reported that the men had driven away in a white van with Arkansas plates. Officer Kermon and Officer Frederick Lantzer discovered that two neighboring garages had been burglarized. Carl Gulde reported that his lawnmower and golf clubs were missing. Ron Thomas reported that his lawnmower, a battery jumper box, a portable radio, and a bicycle were missing. Officer Lantzer then saw a white van containing two men drive past. Officer Lantzer made a traffic stop of the van, and Henson was driving the vehicle. The passenger exited the van and attempted to walk away but was apprehended. Officer Lantzer saw a lawnmower and golf clubs in the van. Henson and the passenger were arrested, and Gulde and Thomas's missing possessions were found in the van.

The State charged Henson with two counts of burglary as class C felonies, two counts of theft as class D felonies,[2] and one count of driving while suspended as a class

1. Ind.Code § 35–43–2–1 (2004).

2. Ind.Code § 35–43–4–2 (2004).

A misdemeanor.[3] The State later dismissed the driving while suspended charge. After a bench trial, the trial court found Henson guilty as charged. The trial court vacated the theft judgments of conviction due to double jeopardy concerns and sentenced Henson to consecutive six-year sentences on the burglary convictions with two years of each sentence suspended.

The issue is whether the trial court's imposition of consecutive sentences totaling twelve years violated Ind.Code § 35–50–1–2(c). In general a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006). "A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization." *Id.*

Henson argues that, based upon Ind. Code § 35–50–1–2(c), his sentence may not exceed ten years, the advisory sentence for a class B felony, which is the felony one class higher than a class C felony. Ind. Code § 35–50–1–2(c) provides, in part:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 [habitual offenders] and IC 35–50–2–10 [habitual substance offenders], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Henson argues that the two burglaries were not crimes of violence and that they arose out of "an episode of criminal conduct." The State does not dispute that Henson's class C felony burglaries are not crimes of violence as defined by Ind.Code § 35–50–1–2(a). However, the State argues that Henson's two burglaries did not arise out of an episode of criminal conduct.

Ind.Code § 35–50–1–2(b) defines "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." The State contends that the two burglaries were not an episode of criminal conduct and relies upon the Indiana Supreme Court's opinion in *Smith v. State*, 770 N.E.2d 290, 294 (Ind.2002). There, the defendant stole checks from Horace and Geraldine Harvey. 770 N.E.2d at 294. The defendant proceeded to deposit six checks at six different banks during the course of an afternoon. *Id.* The Indiana Supreme Court found that the forgeries were not "simultaneous" or "contemporaneous" with one another. *Id.* The court also noted that it could "recount each of the forgeries without referring to the other forgeries." *Id.* Thus, the court concluded that the defendant's conduct was not a single episode of criminal conduct. *Id.*

More recently, the Indiana Supreme Court clarified that "although the ability to recount each charge without referring to the other can provide additional guidance on the question of whether a defendant's conduct constitutes an episode of criminal conduct, it is not a critical ingredient in resolving the question." *Reed*, 856 N.E.2d at 1201. In *Reed*, the defendant was charged with two counts of attempted murder. *Id.* During a police pursuit, the defendant stopped his car and fired shots in the direction of two officers. *Id.* A few seconds later, he slowed down and fired two additional shots in the direction of one of the officers. *Id.* The Indiana Supreme Court concluded that "although not pre-

---

**3.** Ind.Code § 9–24–19–2 (2004).

cisely 'simultaneous' or 'contemporaneous,' the two offenses were nonetheless 'closely connected in time, place, and circumstance.'" *Id.* (internal citation omitted). Consequently, the offenses were "a single episode of criminal conduct within the meaning of the statute." *Id.*

Similarly, in *Harris v. State,* 861 N.E.2d 1182, 1188–1189 (Ind.2007), the defendant was charged with two counts of sexual misconduct. The Indiana Supreme Court concluded that the two crimes were a single episode of criminal conduct where the crimes were committed in the same bed though with two different victims only a few minutes apart. 861 N.E.2d at 1188–1189. The court noted "[t]wo acts of sexual misconduct which occurred five minutes apart in the same bed and based on the same reason—the girls' need for a place to stay for the night—are 'a connected series of offenses that are closely connected in time, place, and circumstance.'" *Id.*

Here, the defendant burglarized two neighboring garages during the early morning hours of July 26, 2006. We conclude that the burglaries were "closely related in time, place, and circumstance." Ind.Code § 35–50–1–2(b). Thus, the burglaries were a single episode of criminal conduct under Ind.Code § 35–50–1–2(c). Because the burglaries were a single episode of criminal conduct and were not crimes of violence, the consecutive sentences may not "exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." Ind.Code § 35–50–1–2(c). Henson was convicted of two class C felonies, and the advisory sentence for a B felony is ten years. Ind.Code § 35–50–2–5. Henson's consecutive sentences thus may not exceed ten years. Because the trial court sentenced Henson to an aggregate sentence of twelve years, we reverse

and remand for resentencing. *See, e.g., Harris,* 861 N.E.2d at 1189–1190 (revising the defendant's sentence to thirty years, which was the advisory sentence for the next highest felony, where the two crimes committed in the course of a single episode).

For the foregoing reasons, we reverse Henson's sentences for two counts of burglary and remand for resentencing.

Reversed and remanded.

BARNES, J. and VAIDIK, J. concur.