## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 15 2015, 6:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

J. Clayton Miller
Jordan Law, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Shuminoff,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 15, 2015

Court of Appeals Case No.
89A01-1505-CR-502

Appeal from the Wayne Superior Court

The Honorable Gregory A. Horn, Judge

Cause No. 89D02-1206-FC-42

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Michael Shuminoff (Shuminoff), appeals his sentence after pleading guilty to four Counts of burglary, Class C felonies, Ind. Code § 35-43-2-1 (2013), and his adjudication as an habitual offender, I.C. § 35-50-2-8.

We affirm.

## ISSUE

Shuminoff raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it determined that the four burglaries did not constitute a single episode of criminal conduct for purposes of sentencing.

## FACTS AND PROCEDURAL HISTORY

Over a span of nineteen days, Shuminoff committed four burglaries in three different businesses in Richmond, Indiana. On May 29, 2012, Shuminoff broke into and entered into the Primex Plastics Plant, where he stole a security camera and damaged two vending machines to obtain the money that was inside. Four days later, on June 2, 2012, Shuminoff broke into and entered Mathew International Casket, where he stole money out of various vending machines. Thereafter, on June 10, 2012, Shuminoff again broke into and entered Primex Plastics Plant where he destroyed two vending machines to steal the money. Lastly, on June 17, 2012, police officers were dispatched to the Mosey Manufacturing Plant on a report that "an unknown individual had been in the break room of the plant and that the change machine had been

shoved back into the wall and had a screwdriver jammed into it as well as the coffee machine had been shoved over." (Appellant's App. p. 15). The officers located Shuminoff in a small office inside Mosey Manufacturing Plant. He admitted to having committed all four burglaries.

[5] On June 19, 2012, the State filed an Information charging Shuminoff with four Counts of burglary, Class C felonies, as well as an Information for an habitual offender enhancement. On February 5, 2015, Shuminoff entered an open plea as to the four burglary Counts and the habitual offender charge. On March 4, 2015, the trial court conducted a sentencing hearing. During the hearing, Shuminoff argued that the four burglaries constituted a single episode of criminal conduct. The trial court ordered both parties to brief "as to what exactly is an episode and why [Shuminoff] fits it or why his doesn't fit it." (Transcript p. 29). On April 27, 2015, the trial court resumed the sentencing hearing and found that the burglaries were not "a connected series of offenses that are closely connected in time, place, and circumstance." (Tr. p. 35). Accordingly, the trial court sentenced Shuminoff to seven years on each Count with no time suspended, with Counts I, II, and III to run consecutively, and Count IV to run concurrently with Counts I through III. Count I was enhanced by ten years for the habitual offender adjudication. In sum, the trial court imposed an aggregate sentence of thirty-one years with no time suspended.

[6] Shuminoff now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Shuminoff contends that the trial court abused its discretion in ordering consecutive sentences after finding that the four burglaries did not constitute a single episode of criminal conduct because they were not closely connected in time, place, and circumstance.

[8] In general, a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006). "'A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization.'" *Id.* (quoting *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind. 1998)). "An appellate claim of sentencing error is subject to review for abuse of trial court discretion; reversal results 'only if there has been a manifest abuse of discretion.'" *Reynolds v. State*, 657 N.E.2d 438, 440 (Ind. Ct. App. 1995) (quoting *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993)).

[9] Indiana Code section 35-50-1-2(c)(2) provides that except for statutory crimes of violence—which burglary is not—"the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." The term "episode of criminal conduct" has been statutorily defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b). "Whether certain offenses constitute a single episode of criminal conduct is a fact-sensitive inquiry to be determined by

the trial court before it is subject to appellate review. *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002).

[10]    In support of his argument that the four burglaries are part of one episode of criminal conduct and his sentence should be reduced to ten years,[1] Shuminoff relies on *Henson v. State*, 881 N.E.2d 36 (Ind. Ct. App. 2008), *trans. denied,* and *Gallien v. State*, 19 N.E.3d 303 (Ind. Ct. App. 2014), *trans. denied*. In *Henson*, Henson was convicted of burglarizing two neighboring garages during the early morning hours of the same day. *Henson*, 881 N.E.2d at 39. Because "the burglaries were 'closely related in time, place, and circumstance,'" this court found them to be part of one single episode of criminal conduct. *Id*. (quoting I.C. § 35-50-1-2(b)). Similarly, in *Gallien*, the defendant committed two separate burglaries in two different business within the same morning. *Gallien*, 19 N.E.3d at 305. The trial court declined to find a single episode of criminal conduct and imposed consecutive sentences. *Id*. at 308. In post-conviction proceedings, we concluded that Gallien's appellate counsel was ineffective for failing to raise the consecutive sentencing issue on direct appeal. *Id*. Finding "the fact that two different businesses were burglarized" was not dispositive, we focused on "the small distance between the two burglaries, the short amount of time between them and the apparent scheme that tied them together" to

---

[1] The advisory sentence for a Class B felony, which is one Class of felony higher than the felonies Shuminoff was charged with, is ten years. *See* I.C. § 35-50-2-5.

conclude that both burglaries were "closely related in time, place, and circumstance." *Id*. at 310.

[11] In response, the State points to *Williams v. State*, 891 N.E.2d 621 (Ind. Ct. App. 2008), and *Reynolds v. State*, 657 N.E.2d 438 (Ind. Ct. App. 1995). In *Williams*, we focused on "the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes" while "additional guidance on the question can be obtained by considering whether the alleged conduct was so closely related [] that a complete account of one charge cannot be related without referring to the details of the other charge." *Williams*, 891 N.E.2d at 631. Within these parameters, we concluded that "[w]hile the two drug buys occurred within twenty-four hours of each other and at the same location, they were, nonetheless, distinct arrangements for the sale of narcotics. Indeed, a complete recount of the first drug buy can be given without reference to the other[.]" *Id*. Likewise, in *Reynolds*, we determined that three separate burglaries of three different homes within a single day constituted separate offenses. *Reynolds*, 657 N.E.2d at 441. The court noted that "[e]ach burglary took place as a distinct episode in itself; each can be described without referring to details of the others." *Id*.

[12] In a more recent opinion by this court, we held that three burglaries did not arise from a single episode of criminal conduct. *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014). There, the defendant broke into one building in December 2012, another in April 2013, and a third in May 2013. We noted that although there were some common elements between the burglaries, they

were committed over the course of six months and thus "were not of a simultaneous or contemporaneous nature." *Id*.

Here, Shuminoff committed the four burglaries over a nineteen-day period. Although two victims were the same, and the *modus operandi* of the crimes indicated several similarities, the drawn out time span of the crime spree and the three different locations of the burglarized businesses illustrate that the crimes were not of a contemporaneous nature. Moreover, each burglary can be described as a distinct episode in itself, without referring to the details of the other charges. Accordingly, based on these facts, we find Shuminoff's situation more in line with the *Williams*, *Reynolds,* and *Slone* precedents than *Henson* and *Gallien*. Therefore, we affirm the trial court's finding that the burglaries were not "a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it determined that the four burglaries did not constitute a single episode of criminal conduct for purposes of imposing consecutive sentences.

Affirmed.

Brown, J. and Altice, J. concur