

FILED

Oct 10 2023, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Rutz
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wiley R. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 10, 2023<br><br>Court of Appeals Case No.<br>23A-CR-739<br><br>Appeal from the Floyd Superior<br>Court<br><br>The Honorable Maria D. Granger,<br>Judge<br><br>The Honorable Richard G.<br>Striegel, Senior Judge<br><br>Trial Court Cause No.<br>22D03-2211-F5-1832 |

**Opinion by Judge Brown**
Judges Crone and Felix concur.

**Brown, Judge.**

[1] Wiley R. Jones appeals his convictions and sentences for six counts of possession of child pornography as level 5 felonies. We reverse and remand.

*Facts and Procedural History*

[2] On November 18, 2022, the State charged Jones with six counts of possession of child pornography as level 5 felonies.[1] On November 21, 2022, the court appointed counsel for Jones.

[3] On February 1, 2023, the parties filed a plea agreement pursuant to which Jones agreed to plead guilty as charged and indicated that sentencing was "open." Appellant's Appendix Volume II at 36. That same day, the court held a hearing. The court explained Jones's rights and stated: "Also understand that by entering a plea of guilt, the Court will proceed with judgment of guilt and sentence you without a trial. You understand that?" Transcript Volume II at 6. Jones answered affirmatively. The court explained to Jones that a level 5 felony carries a penalty of one to six years with an advisory sentence of three years.

[4] When the court asked for a factual basis, Jones acknowledged that he possessed or accessed six images on November 17, 2022, which depicted a child less than

---

[1] For each count, the State alleged that, "on or about November 17, 2022," Jones possessed or accessed images different than those mentioned in each of the other counts that depicted or described sexual conduct by a child who he knew was less than eighteen years old or appeared to be less than eighteen years old and the sexual conduct, matter, performance, or incident depicted or described a child who was less than twelve years old. Appellant's Appendix Volume II at 21.

twelve years old engaged in sexual conduct.[2]  The court indicated that the plea agreement did not say whether the sentences could be served consecutively and asked if they could be "run consecutively."  *Id.* at 12.  Defense counsel asserted that "that's something that we will argue at the sentencing hearing," he believed "they will be capped at seven (7) years based off of the statute for, um, continuous crimes, which would cap it at seven (7) years," and he believed the State had a different position.  *Id.*  After some discussion, the court stated: "I have to ask you because that is an open thing, that it can be run consecutively. I'm not saying that's what'll happen, I'm just saying that [] possibility exists. Do you understand that?"  *Id.* at 13.  After conferring with his counsel, Jones answered: "Okay.  Sure.  Sure.  Sure."  *Id.*

[5]     On March 24, 2023, the court held a sentencing hearing.  At the beginning of the hearing, the court stated that it entered judgments of conviction for all six counts.  The prosecutor stated he thought it was important for the court to understand the nature of the underlying charges and presented the testimony of Indiana State Police Detective Scott Stewart.  Detective Stewart testified that he received two tips from a company that stores data for Verizon and found a large amount of "child sexual abuse material, child pornography, uh, child molest videos."  *Id.* at 21.  According to Detective Stewart, he obtained search warrants for all the content for the account and a search warrant was generated

---

[2] Although the guilty plea transcript reveals little about the nature of the offenses, Jones cites portions of the probable cause affidavit on appeal.

to Verizon for subscriber information. Detective Stewart received information from Verizon and the phone number came back to Jones. He obtained search warrants to review material Jones had in his possession. When asked how many images were obtained from Jones's residence, he answered: "Hundreds. Um, there's hundreds of videos, um, child molest videos, there's hundreds, if not thousands, but I – I don't know an exact figure, but it's a very large amount." *Id.* at 24. Jones told Detective Stewart that he knew what he was doing was illegal, that he "was interested," and that "it was intriguing to him." *Id.* at 25. Detective Stewart testified the six videos "of what was charged" were obtained from a tablet and a computer. *Id.* at 26. He indicated that: Count I involved the fondling of the backside of a minor child; Count II involved a collage video of an infant child; Count III involved fellatio of a toddler by another minor; Count IV involved the fondling of an infant's vaginal area; and Count V involved an adult ejaculating on a pre-pubescent female. Detective Stewart also discussed State's Exhibit 2, which contained modification dates for the images. Based upon Detective Stewart's testimony and State's Exhibit 2, Count I was based on evidence that was last modified on January 26, 2017; Count II was based on evidence last modified at 5:21 p.m. on December 25, 2021; Count III was based on evidence modified on December 17, 2021, and at 4:47 p.m. and 5:22 p.m. on December 25, 2021; Count IV was based on evidence modified at 5:29 p.m. on December 25, 2021; Count V was based on evidence modified on December 25, 2021, and April 13, 2022; and Count VI

was based on evidence modified at 5:23 p.m. on December 25, 2021.[3] When asked "when there are different modification dates does that indicate that Mr. Jones . . . manipulated that video in some manner on his device," he answered: "Something happened to that video on those – that device. So, that's the last modification that happened to that video." *Id.* at 28. The prosecutor said "Okay," and Detective Stewart said: "Something happened." *Id.*

[6] On cross-examination, when asked if Jones told him where he obtained the child pornography, he answered: "I don't think he gave us anyone specific. He was talking about he just got them from every – a lot of different places. I – I don't recall exactly." *Id.* at 37. When asked if he had testified that "this was an above average case in terms of the amount of child pornography," he answered affirmatively. *Id.* at 38.

[7] Jones's counsel argued:

> I would point the Court to Indiana Code 35-50-1-2, which very clearly states however except for crimes of violence, which possession of child pornography is not a crime of violence, child exploitation is a crime of violence, the total of a consecutive sent – terms of imprisonment exclusive of terms of imprisonment under Indiana Code 35-50-2-8 and Indiana Code 35-50-2-10 to which a defendant is sentenced for a felony conviction arising out of an episode of criminal conduct shall not exceed the period . . . as described in subsection (d). For a Level 5 Felony, that means the terms of imprisonment may not exceed seven (7) years. I

---

[3] State's Exhibit 2 contains information related to "Exif" dates. *See* Exhibits Volume I at 7-17. The State did not present evidence regarding these dates.

think that's important. Um, you heard Detective Stewart testify it's not common to bust someone with possession of child pornography the same day they get their child pornography. They're gonna (sic) have it for multiple days. That does not mean that we just getta (sic) convict them over and over again.

*Id.* at 49. He also asserted:

I will point out to you that nowhere on his plea agreement does it state that he is pleading guilty to Possession of Child Pornography on more than one (1) date or on more than one (1) time. He is pleading guilty to Possession of Child Pornography on or about November seventeenth (17th), twenty twenty-two (2022) in Floyd County, State of Indiana. That's what he pled to on Count 1. That's what he pled to on Count 2. That's what he pled to on Count 3. That's what he pled to on Count 4. That's what he pled to on Count 5. That's what he pled to on Count 6, and now the State is asking you to have him sentenced for something that he didn't even plead guilty to. He pled guilty to one (1) specific date, period.

*Id.* at 50.

[8] On March 27, 2023, the court continued the hearing. The court found that Jones "participated in these offenses over a period of years" as an aggravating circumstance. *Id.* at 61. It stated the crimes "were not brought about by a single error in judgment" and, "[w]hen he claimed remorse in his Presentence Investigation, he did not provide any evidence of any effort he made to obtain help in dealing with this despicable behavior." *Id.* The court also stated:

Each video that we saw contains separate and distinct incidents of the crime of child pornography. Thousands of images and

videos were involved, and thousands of children including infants, toddlers, and other very young children, were victimized, and although [Jones] admitted guilt in this case, I do remember when he made his plea change to that of guilty, he was a little bit evasive in establishing the factual basis for the crimes and appeared somewhat reluctant to admit guilt, although, uh, he did, uh, very accurately, um, make the – the factual basis and admitted guilt, but due to the nature of these offenses, a lesser sentence would depreciate the seriousness of the crime. These offenses are particularly disgusting and it is difficult to understand how people would've have [sic] an appetite for such things. Those are the aggravating circumstances that I thought were the most important.

*Id.* at 61-62. With respect to mitigating circumstances, the court observed that Jones "scored as low risk on the IRA's [sic] and he led a law-abiding life for a substantial period of time before this offense as far as the Court knows." *Id.* at 62. The court found the aggravating circumstances far outweighed the mitigating circumstances.

On March 27, 2023, the court sentenced Jones to consecutive sentences of four years on each conviction with four years executed for Counts I through V and four years suspended for Count VI for an aggregate sentence of twenty-four years with twenty years executed and four years suspended.

### *Discussion*

Jones argues that the sentencing procedure violated his right to understand the possible sentencing range guaranteed by Ind. Code § 35-35-1-2(a)(3) and Article 1, § 13 of the Indiana Constitution. He asserts Ind. Code § 35-50-2-1.3(c)

required that the trial court use the appropriate advisory sentence, "[i]t constrains the trial court's discretion in accordance with [Ind. Code] § 35-50-1-2(d)(2)," and "[t]he exception sets-up a seven-year ceiling when three elements exist: (1) the trial court is imposing consecutive sentences for felony convictions that (2) are not crimes of violence that (3) 'arise out of an episode of criminal conduct.'" Appellant's Brief at 12. He contends the "sentencing maximum was not explained" and the trial court mentioned at one point that "the maximum sentence was seven years" and also stated that "the maximum sentence was thirty-six years." *Id.* at 16. He asserts that "[a] procedure that advises a defendant that the maximum possible consecutive sentence is both seven years under [Ind. Code] § 35-50-1-2(d) and thirty-six years under [Ind. Code] § 35-50-2-6(b) is ambiguous and violates Indiana Code and the Indiana Constitution, Article I, Section 13." *Id.* at 17. He contends that the "ambiguity practically abolished the word 'required' from [Ind. Code] § 35-50-2-1.3(c)." *Id.* He also argues that "[t]he trial court was required to use [Ind. Code] § 35-50-1-2(d) after Jones raised the issue of a single episode of criminal conduct during the guilty plea hearing by stipulating to only one date: November 17, 2021," and that "[a]ny fact that changed that stipulation violated [his] Sixth Amendment right to a jury trial . . . ." *Id.* at 20.

[11] Because Jones pled guilty, he cannot challenge the propriety of his convictions on direct appeal. *See Hayes v. State*, 906 N.E.2d 819, 820-821 (Ind. 2009) (observing that the defendant submitted an "open" guilty plea and holding that "he did not (and under *Tumulty v. State*, [666 N.E.2d 394 (Ind. 1996),] could

not), appeal his convictions") (footnote omitted); *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004) ("A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal."); *Tumulty*, 666 N.E.2d at 395 (observing that the defendant told the trial court he wished to plead guilty to all counts and replied affirmatively when the trial court asked if he was leaving sentencing up to the court, and holding that "[o]ne consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal"). Rather, the appropriate forum is post-conviction relief. *See Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006) ("[B]ecause a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post-Conviction Remedies."); *Tumulty*, 666 N.E.2d at 396 (holding that post-conviction relief was exactly the vehicle for pursuing the defendant's claim).

[12] To the extent Jones cites Ind. Code § 35-35-1-2(a)(3), it provides that "[t]he court shall not accept a plea of guilty . . . without first determining that the defendant . . . has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences." The statute addresses the acceptance of a guilty plea, and Jones's argument based on the statute constitutes a challenge to the propriety of his convictions on direct appeal. With respect to his citation of Article 1, Section 13, that section is titled "Rights of accused in

criminal prosecutions" and provides: "In all criminal prosecutions, the accused shall have the right . . . to demand the nature and cause of the accusation against him . . . ., and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Jones argues the nature of the accusation includes the possible maximum sentence and "the conflicting statutes left [him] uninformed, breaching the guarantee of Article I, Sec. 13." Appellant's Brief at 21. We conclude that his argument based on Article 1, Section 13 and his contention that he was uninformed constitutes a challenge to the propriety of his convictions on direct appeal. We do not consider Jones's arguments to the extent they relate to a challenge of his convictions. *See Crain v. State*, 875 N.E.2d 446, 447 (Ind. Ct. App. 2007) (dismissing defendant's appeal because his claim must be brought through a petition for post-conviction relief).

[13] We turn to Jones's arguments regarding sentencing. With respect to his assertion that the imposition of consecutive sentences totaling more than seven years was improper, we note that Ind. Code § 35-50-2-1.3 is titled "Advisory sentence" and provides:

> (a) For purposes of this chapter, "advisory sentence" means a guideline sentence that the court may voluntarily consider when imposing a sentence.
>
> (b) Except as provided in subsection (c), a court is not required to use an advisory sentence.
>
> (c) In imposing:

> (1) consecutive sentences for felony convictions that are not crimes of violence (as defined in IC 35-50-1-2(a)) arising out of an episode of criminal conduct, in accordance with IC 35-50-1-2; or
>
> (2) an additional fixed term to a repeat sexual offender under section 14 of this chapter;
>
> a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.
>
> (d) This section does not require a court to use an advisory sentence in imposing consecutive sentences for felony convictions that do not arise out of an episode of criminal conduct.

[14]     Ind. Code § 35-50-1-2 is titled "Consecutive and concurrent terms" and provides in part:

> (b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.
>
> (c) Except as provided in subsection (e) or (f) the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
>
> > (1) aggravating circumstances in IC 35-38-1-7.1(a); and
> >
> > (2) mitigating circumstances in IC 35-38-1-7.1(b);
>
> in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-

50-2-8 and IC 35-50-2-10 (before its repeal) to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the period described in subsection (d).

(d) Except as provided in subsection (c), the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following:

\* \* \* \* \*

(2) If the most serious crime for which the defendant is sentenced is a Level 5 felony, the total of the consecutive terms of imprisonment may not exceed seven (7) years.

[15] "Generally, 'it is within the trial court's discretion whether to order sentences be served concurrently or consecutively." *Fix v. State*, 186 N.E.3d 1134, 1143 (Ind. 2022) (quoting *Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015), *reh'g denied*). "But because our legislature is responsible for fixing criminal penalties, a trial court's sentencing discretion must not exceed the limits prescribed by statute." *Id.* "With exceptions for 'crimes of violence,' [Ind. Code § 35-50-1-2] limits the aggregate sentence a trial court may impose 'for felony convictions arising out of an episode of criminal conduct.'" *Id.* (quoting Ind. Code §§ 35-50-1-2(c), (d)).

[16] "An 'episode of criminal conduct' refers to 'offenses or a connected series of offenses that are closely related in time, place, and circumstance.'" *Id.* at 1144 (quoting Ind. Code § 35-50-1-2(b)). Whether certain offenses constitute a single episode of criminal conduct is a fact-intensive inquiry determined by the trial

court.[4]  *Id.*  "While 'the ability to recount each charge without referring to the other' offers 'guidance on the question of whether a defendant's conduct constitutes an episode of criminal conduct,' we focus our analysis on 'the timing of the offenses' and 'the simultaneous and contemporaneous nature of the crimes,' if any."  *Id.* (quoting *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006) (internal citations and quotation marks omitted)).

[17]  To the extent Detective Stewart testified that hundreds of videos were obtained from Jones's residence and the trial court observed that thousands of images and videos were involved, we note that Ind. Code § 35-50-1-2(b) defines an "episode of criminal conduct" as "*offenses* or a connected series of *offenses* that are closely related in time, place, and circumstance."  (Emphases added).  Thus, we focus on the facts related to the six offenses which were charged by the State and which resulted in convictions.  The charging information for each of the six counts alleged that Jones committed Counts I through VI on November 17, 2022, and this was the only date listed.  At the guilty plea hearing, when the court asked for a factual basis, Jones acknowledged that he possessed or

---

[4] To the extent Jones cites *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and argues that "the sentencing procedure violated [his] Sixth Amendment Right to a jury trial" as "[t]he procedure gave the trial court freedom to make a finding by a preponderance of evidence that no episode of criminal conduct existed," we note that he also asserts that "the trial court has broad discretion when weighing the factors listed in [Ind. Code §] 35-50-1-2(b)" and "[w]hether certain offenses constitute a single episode of criminal conduct is a fact-sensitive inquiry to be determined by the trial court . . . ."  Appellant's Brief at 13, 21, 29.  We cannot say that a trial court's determination whether offenses constitute an episode of criminal conduct violates *Blakely* or *Apprendi*.  *See generally Fix*, 186 N.E.3d at 1144 (holding that whether certain offenses constitute a single episode of criminal conduct is a fact-intensive inquiry determined by the trial court); *see also Estes v. State*, 827 N.E.2d 27, 29 (Ind. 2005) (holding that "a court's authority to order consecutive sentences was not affected by *Blakely*") (citing *Smylie v. State*, 823 N.E.2d 679, 686 (Ind. 2005), *cert. denied*, 546 U.S. 976, 126 S. Ct. 545 (2005)).

accessed six images on November 17, 2022.  No other date was mentioned during the establishment of the factual basis.  Based upon the record, we conclude that Counts I through VI constitute a single episode of criminal conduct and are subject to the limitation in Ind. Code § 35-50-1-2(d) providing that the total of the consecutive terms of imprisonment to which a defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed seven years if the most serious crime for which a defendant is sentenced is a level 5 felony.[5]  *See Yost v. State*, 150 N.E.3d 610, 614-615 (Ind. Ct. App. 2020) ("Both the Supreme Court and this court have held that criminal actions that were not 'precisely simultaneous or contemporaneous' but took place only seconds or minutes apart were a single episode of criminal conduct.") (citing *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006) (holding rounds of gunshots that were fired a few seconds apart at two different officers in two different cars were a single episode); *Harris v. State*, 861 N.E.2d 1182, 1188 (Ind. 2007) (holding sexual acts against two different victims that took place five minutes apart in the same location were a single episode of criminal conduct); *Dimmitt v. State*, 25 N.E.3d 203, 219 (Ind. Ct. App. 2015) (holding two batteries occurring during a bar fight within a few minutes of each other

---

[5] We cannot say that the information adduced at sentencing regarding modification dates impacts the facts to which Jones admitted at the plea hearing for purposes of finding that the six counts constitute an episode of criminal conduct.  The record does not specifically define "modify."  As previously mentioned, when asked "when there are different modification dates does that indicate that Mr. Jones . . . manipulated that video in some manner on his device," Detective Stewart answered: "Something happened to that video on those – that device.  So, that's the last modification that happened to that video."  Transcript Volume II at 28.  The prosecutor said "Okay," and Detective Stewart said: "Something happened."  *Id.*

and against two different victims were a single episode), *trans. denied*; *Henson v. State*, 881 N.E.2d 36, 39 (Ind. Ct. App. 2008) (holding two burglaries of different garages in the same morning were a single episode of criminal conduct), *trans. denied*).  Accordingly, we reverse the trial court's sentence and remand with instructions to resentence Jones consistent with this decision.[6]  *See Edwards v. State*, 147 N.E.3d 1019, 1025-1026 (Ind. Ct. App. 2020) (reversing a thirteen-and-one-half-year sentence on multiple counts of possession of child pornography because the State failed to prove when the pornography was acquired); *cf. Albrecht v. State*, 185 N.E.3d 412, 425 (Ind. Ct. App. 2022) (affirming a twenty-one-year sentence on ten counts of possession of child pornography as level 5 felonies because the State presented evidence that the pornography was acquired over the course of years), *trans. denied*.

[18]  For the foregoing reasons, we reverse and remand.

[19]  Reversed and remanded.

Crone, J., and Felix, J., concur.

---

[6] Because we remand for resentencing, we need not address Jones's argument that his sentence is inappropriate.